# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Roger Rennis

_____

Write the full name of each plaintiff.

-against-

The Jewish Board of Families and Children's Services, Inc.;
Jonathan McClean, individually;
~~Randolph Palmer, individually;~~
Colin Quammie, individually; and
~~Juliet Marshall, individually.~~

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

17CV 8357

_____CV_____

(Include case number if one has been assigned)

Do you want a jury trial?

☒ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

> **NOTICE**
>
> The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.



Rev. 3/24/17

## I. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Roger | | Rennis |
|---|---|---|
| First Name | Middle Initial | Last Name |

22 Lincoln Terrace
Street Address

| Yonkers | NY | 10701 |
|---|---|---|
| County, City | State | Zip Code |

| (917) 658-5168 | Rennis21@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1: Jewish Board of Families and Children's Services, Inc.
Name
135 West 50th Street, 6th Floor
Address where defendant may be served

| New York | NY | 10020 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2: Jonathan McClean, individually
Name
135 West 50th Street, 6th Floor
Address where defendant may be served

| New York | NY | 10020 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:    Randolph Palmer, individually
                135 West 50th St, 6th Fl
                New York, NY 10020

Defendant 4:    Colin Quammie, individually
                135 West 50th St, 6th Fl
                New York, NY 10020

Defendant 5:    Juliet Marshall, individually
                135 West 50th St, 6th Fl
                New York, NY 10020

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City          State          Zip Code

## II. PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

**The Jewish Board of Families and Children's Services**
Name

**226 Linda Avenue**
Address

**Hawthorne**          **NY**          **10532**
County, City          State          Zip Code

## III. CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

- ☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

    The defendant discriminated against me because of my (check only those that apply and explain):

    - ☐ race: _____
    - ☐ color: _____
    - ☐ religion: _____
    - ☒ sex: **male** _____
    - ☐ national origin: _____

Page 3

- ☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

- ☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year: _____

- ☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

- ☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

- ☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

### B. Other Claims

In addition to my federal claims listed above, I assert claims under:

- ☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

- ☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

- ☐ Other (may include other relevant federal, state, city, or county law):

    _____

Page 4

## IV.  STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐ did not hire me
- ☒ terminated my employment
- ☐ did not promote me
- ☐ did not accommodate my disability
- ☐ provided me with terms and conditions of employment different from those of similar employees
- ☒ retaliated against me
- ☐ harassed me or created a hostile work environment
- ☐ other (specify): _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

I, Roger Rennis, bring forth the following causes of actions and allege the following.[1]

1. I am a citizen of the United States and resides at 22 Lincoln Terrace Yonkers, NY 10701

2. I was employed by the Jewish Board of Families and Children's Services, Inc. (JBFCS or the company) who has their main place of business at 135 West 50th Street, 6th Floor New York, NY 10020.

3. JBFCS has over 50 employees.

4. At all times relevant, Randolph Palmer (Palmer) acted as the Director of Employee & Labor Relations for the company and John Mclean (McLean) acted as Clinical Director.

5. I was employed by the company from September 2014 through November 29th 2016. I was terminated from my position on November 29th 2016.

6. I was employed at the company's Hawthorne facility. I began as a social worker on September 7th 2014; my manager at the time was McLean. In or around September 2015, I was transferred to the position of case manager. My unit Supervisor for the case management position was Andrew Lawton for the first 3 months, and then Collin Quammie was to appointed to Supervisor for the unit on or about December 10, 2015.

7. Some of my responsibilities as a case manager included escorting the children to court and testifying on their behalf, as well as tending to numerous needs while they resided at the facility.

8. Despite that McLean was not my direct Supervisor, he was consistently more involved in the unit after Quammie's appointment.

9. At all relevant times, I was a hardworking, dedicated employee and prided myself on my contribution as a case manager.

10. While employed at the company I was subjected to discrimination based on my sex as well as being a victim to unlawful retaliation for my cooperation in an internal sexual harassment investigation in regards to claims directed towards McLean.

11. To the best of my knowledge, there are a total of 23 caseworkers that worked at the Hawthorne facility during my employment. Nineteen (19) of them are female compared to four (4) male.

---

[1] This document was prepared with the assistance of the New York Legal Assistance Group Legal Clinic for Pro Se Litigants in the SDNY.

12. I was consistently held to a different standard of work and disadvantaged in comparison to my female colleagues. Mclean permitted female employees to accept or reject certain cases while myself and other male caseworkers did not have the same option. Under McLean's watch, female employees consistently, outright refused to take on certain cases and demanded that I take on the case.

13. Mclean refused to reprimand or even address issues of female employees using expletives and engaging in various improper work conduct. This improper work behavior was conducted in front of the children assigned to the facility.

14. For example, I witnessed Ms. Kara Black and Ms. Alana Orange, two of my female colleagues, reject cases, turn in late reports, and behave inappropriately toward my supervisor, Quammie. However, they received no write-ups and occasionally I was aware that a case they rejected was ultimately transferred to me.

15. At all relevant times, McLean promoted, enabled, and engaged in unfair disciplinary practices discriminating against male employees.

16. During my employment I was disciplined for submitting notes in an untimely manner. Upon information and belief, no female who has ever submitted work late or in an untimely unprofessional manner has never been disciplined.

17. To the best of my knowledge, during my employment at the company Mclean Formally disciplined in the issuance of "write ups" six times. All six times were directed at 3 male employees. Upon information and belief, McLean intentionally withheld formally disciplining my female colleagues for the similar and worse infractions.

18. I brought these issues to the attention of my Supervisor, Quammie. I also brought the matters to another unit supervisor, Shane King. Neither supervisor acted upon this information. In fact King informed me that he was unable to write up the case managers he supervised—all of which were female—without McLean's permission. He was instead to use "counseling memos" which are no longer, and were not at the time, used by HR.

19. I was terminated from my position while my female colleagues who have committed worse work infractions and who perform their duties on a less satisfactory level, still remain employed.

20. In September 2016, I was called to a meeting with Human Resources (Ms. Juliet Marshall), which was reportedly investigating allegations of sexual harassment and other improprieties against McLean which took place at Barnes & Noble, 2614 Central Park Ave, Yonkers, NY 10710. I cooperated in the investigation and was responsive to Human Resources' requests for

        information, including identifying other employees who may have potentially had relevant information.

21. At this time I also reiterated my complaints of discrimination, such that I was being treated unfairly in comparison to my female colleagues. I was told these complaints would be looked into after the sexual harassment issue was resolved.

22. During the interview, when assuring me that McLean wouldn't be privy to the context of the meeting, Ms. Marshall indicated that McLean would be aware of everyone who was interviewed.

23. Moreover, during this interview that I learned Mr. McLean's wife worked in the HR Department alongside Ms. Marshall.

24. Following the September 2016 meeting, Human Resources did not address any of my discrimination complaints.

25. On November 29th 2016, in a meeting with McLean, I was terminated from my position with no warning. During that meeting I was issued a termination letter written by Rand Palmer, which contained defamatory statements and false justifications for my termination. The letter made outrageous assertions that I "purposefully interfered with another employee's job performance, willfully restricted work output, was insubordinate, failed to follow lawful instructions, and failed to maintain personal hygiene and cleanliness." These completely false assertions were eventually contradicted by the Company's own position taken in grievance proceedings.

26. At all relevant times of my employment, I conducted myself with the utmost professional manner and consistently performed my duties at a satisfactory level.

27. After my termination, an investigation opened up against Mr. King, alleging inappropriate behavior falsified documents.

28. Mr. King told me that, during an interview with Ms. Marshall pursuant to this investigation, Ms. Marshall told Mr. King specifically who she interviewed regarding the claim against him along with some of the specific responses from the interviews. This was apparently the practice for all investigations involving management-level employees.

## V. ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

- ☒ Yes (Please attach a copy of the charge to this complaint.)
  When did you file your charge? **8/23/17**
- ☐ No

Have you received a Notice of Right to Sue from the EEOC?

- ☒ Yes (Please attach a copy of the Notice of Right to Sue.)
  What is the date on the Notice? **8/30/17**
  When did you receive the Notice? **9/04/17**
- ☐ No

## VI. RELIEF

The relief I want the court to order is (check only those that apply):

- ☒ direct the defendant to hire me
- ☒ direct the defendant to re-employ me
- ☐ direct the defendant to promote me
- ☐ direct the defendant to reasonably accommodate my religion
- ☐ direct the defendant to reasonably accommodate my disability
- ☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
  $250,000 for compensatory and punitive damages.

## VII. PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 10/23/17 | [signature] |
|---|---|
| Dated | Plaintiff's Signature |

| Roger | | Rennis |
|---|---|---|
| First Name | Middle Initial | Last Name |

22 Lincoln Terrace
Street Address

| Yonkers | NY | 10701 |
|---|---|---|
| County, City | State | Zip Code |

| (917) 658-5168 | Rennis21@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes  ☒ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

EEOC Form 161-B (11/16)    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Rennis Roger**
22 Lincoln Terrace
Yonkers, NY 10701

From: **New York District Office**
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2017-03358 | **Orfelino Genao, Investigator** | **(212) 336-3642** |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_   8-30-2017
**Kevin J. Berry,**
**District Director**
(Date Mailed)

Enclosures(s)

cc: Judy Archer
Director of Human Resources
JEWISH BOARD OF FAMILIES & CHILDREN SERVICES
226 Linda Avenue
Hawthorne, NY 10532

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

AUG 23 2017

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

**1. Personal Information**
Last Name: RENNIS   First Name: ROGER   MI: ___
Street or Mailing Address: 22 Lincoln Terrace   Apt or Unit #: N/A
City: YONKERS   County: Westchester   State: NY   Zip: 10701
Phone Numbers: Home: (914) 751-2333   Work: ( ) N/A
Cell: (917) 658-5168   Email Address: RENNIS21@Gmail.com
Date of Birth: 04/30/77   Sex: ☑ Male ☐ Female   Do You Have a Disability? ☐ Yes ☑ No
Please answer each of the next three questions.   i. Are you Hispanic or Latino? ☐ Yes ☑ No
ii. What is your Race?   Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☐ White
☑ Black or African American ☐ Native Hawaiian or Other Pacific Islander
iii. What is your National Origin (country of origin or ancestry)? JAMAICAN

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: Robert Rennis   Relationship: Brother
Address: ___   City: ___   State: ___   Zip Code: ___
Home Phone: ( ) ___   Other Phone: (cell) (646) 660-3483

**2. I believe that I was discriminated against by the following organization(s):** (Check those that apply)
☑ Employer ☐ Union ☐ Employment Agency ☑ Other (Please Specify) Individuals

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ___ and provide the address of the office to which you reported.) **If more than one employer is involved, attach additional sheets.**
Organization Name: Jewish Board of Families & Children's Services
Address: 226 Linda Avenue   County: Westchester
City: Hawthorne   State: NY   Zip: 10532   Phone: ( ) ___
Type of Business: Social Services   Job Location if different from Org. Address: ___
Human Resources Director or Owner Name: Judy Archer   Phone: ( ) ___
Number of Employees in the Organization at All Locations: Please Check (✓) One
☐ Fewer Than 15 ☐ 15 – 100 ☐ 101 – 200 ☐ 201 – 500 ☑ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) **Are you a federal employee?** ☐ Yes ☑ No
Date Hired: 09/07/2014   Job Title At Hire: Social Worker
Pay Rate When Hired: $26.50 per/hr  $48,090   Last or Current Pay Rate: $23.6 per/hr
Job Title at Time of Alleged Discrimination: Case Manager   Date Quit/Discharged: 11/29/16
Name and Title of Immediate Supervisor: Collin Quammie

1

If Job Applicant, Date You Applied for Job _____ Job Title Applied For _____

4. What is the reason (basis) for your claim of employment discrimination?
*FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.*

☐ Race  ☒ Sex  ☐ Age  ☐ Disability  ☐ National Origin  ☐ Religion  ☐ Retaliation  ☐ Pregnancy  ☐ Color (typically a difference in skin shade within the same race)  ☐ Genetic Information; circle which type(s) of genetic information is involved:  i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: _____/_____

If you checked genetic information, how did the employer obtain the genetic information? _____

_____

Other reason (basis) for discrimination (Explain): _____

5. What happened to you that you believe was discriminatory?  Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you.  Please attach additional pages if needed.
*(Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)*

A. Date: **11/29/16**   Action: **Terminated by Jonathan Mclean, Clinical director and retaliation, & falsely accused me of false not doing work.**
Name and Title of Person(s) Responsible: **Jonathan Mclean, Clinical director**

B. Date: **11/29/16**   Action: **Sex discrimination, Retaliation, and Falsely accusing me of not following lawful instructions**
Name and Title of Person(s) Responsible **Rand Palmer Collin Quammie, supervise**

6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.
**Sex discrimination, not addressing my concerns when I told him I was discriminated against by Jonathan Mclean**

7. What reason(s) were given to you for the acts you consider discriminatory?  By whom? His or Her Job Title?
**Jonathan Mclean, Clinical director - according to Mr. Mclean. He made the choice to fire me. "It's not working out"**

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, sex, age, national origin, religion or disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. **Arlene Orange** | | | |
| B. | | | |

2

**Of the persons in the same or similar situation as you, who was treated *worse* than you?**

| Full Name | Race, sex, age, national origin, religion or disability | Job Title | Description of Treatment |

A. _____

B. _____

**Of the persons in the same or similar situation as you, who was treated the *same* as you?**

| Full Name | Race, sex, age, national origin, religion or disability | Job Title | Description of Treatment |

A. _____

B. _____

Answer questions 9-12 <u>only</u> if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:    ☐ Yes, I have a disability      *N/A*
   ☐ I do not have a disability now but I did have one
   ☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).
_____
_____

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
   ☐ Yes  ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?
_____
_____

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
   ☐ Yes  ☐ No

If "Yes," when did you ask? _____ How did you ask (verbally or in writing)? _____

Who did you ask? (Provide full name and job title of person)
_____

Describe the changes or assistance that you asked for: _____
_____
_____

How did your employer respond to your request? _____

3

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |

A. Shane King, Supervisor — Shane will say and told me that Mr. Mclean treated women he supervised differently. In addition he stated that Mr. Mclean would not allow him to write up the Individuals he supervised. According to Shane, Mr. mclean told him to do a counseling memo with these workers.

B.

14. Have you filed a charge previously on this matter with the EEOC or another agency? ☐ Yes ☒ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: _____

DAVIN Cellura, ESQ - 08/15/17 - Demand letter to JBFCS - No response to see

16. Have you sought help about this situation from a union, an attorney, or any other source? ☒ Yes ☐ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

UNION) RAFAEL SENCION, District 1707 - 3/24/17 - Not Going to arbitration

3/20/17 DAVid Thaler - Federal Mediator - waiting for management to settle payment

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination, or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. **If you do not file a charge of discrimination within the time limits, you will lose your rights.** If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ___ I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. **I also understand that I could lose my rights if I do not file a charge in time.**

BOX 2 _✓_ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that **the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name.** I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_____ Signature     08/23/17 Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 USC § 2000e-5(b), 29 USC § 211, 29 USC § 626, 42 USC §12117(a), 42 USC §2000ff-6.
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009